**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**GARRISON DATA PARNTERS, LLC,**
**an Arkansas limited liability company;**
**CAMERON BAKER; ERIC HINES;**
**JIMMY TOUSSAINT; ANDREW KING;**
**and THOMAS HARFORD** **PLAINTIFFS**

**v.** **No. 4:26-cv-1169-DPM**

**KILGORE ENERGY LLC d/b/a**
**NeRD and NeRD Power, a Utah**
**limited liability company;**
**BABE KILGORE, an individual;**
**TODD FITCH, an individual;**
**RYAN WAMSLEY, an individual;**
**CMP INVESTMENT CAPITAL LLC,**
**a Texas limited liability company;**
**CHRISTOPHER M. PARKS, an**
**individual; TROY COKER, an individual;**
**SOLARLINK GROUP INC., a Nevada**
**corporation; TERRAVOLT ENERGY LLC,**
**a Utah limited liability company;**
**and JOHN DOES 1-10** **DEFENDANTS**

**ORDER**

**1.** Plaintiffs' motion for alternative service, *Doc. 17*, is granted as modified for good cause shown. Fitch and Kilgore may be served process under the state law where service is made. Fed. R. Civ. P. 4(e)(1).

**2.** Fitch lives in Texas. Gee's declaration says that he attempted to serve Fitch at his home in Georgetown five times, but wasn't successful. Tex. R. Civ. P. 106(b); *Doc. 17-1*. Plaintiffs may therefore serve Fitch by leaving a copy of the complaint, summons, motion papers, and this Order "with anyone older than sixteen" at Fitch's home. Tex. R. Civ. P. 106(b)(1). If no one answers, plaintiffs must serve Fitch in this way: plaintiffs must securely attach all the documents listed above to Fitch's front door, mail them to Fitch by certified and first-class mail, and email them to him by some method that will document receipt of the email and opening the attachment. Tex. R. Civ. P. 106(b)(2).

**3.** Kilgore lives in Arizona. Personal service on him is impracticable; the process server diligently attempted to serve Kilgore nine times at his home in Scottsdale but did not succeed. Ariz. R. Civ. P. 4.1(k); *Doc. 17-2*; *Bank of New York Mellon v. Dodev*, 246 Ariz. 1, 10, 433 P.3d 549, 558 (Ct. App. 2018). And the need for a prompt determination of plaintiffs' motion for injunctive relief supports impracticability, too. *Dodev*, 246 Ariz. at 10, 433 P.3d at 558. Plaintiffs must serve Kilgore this way: plaintiffs must mail all the documents listed above by first-class mail and certified mail to Kilgore, securely post them at his home, and email them to him by some method that will document receipt of the email and opening the attachment.

**4.** Fitch must respond to plaintiffs' motion for a preliminary injunction within ten calendar days after he is served. He must answer or file a Rule 12(b) motion within twenty-one days after he is served.

**5.** Kilgore must respond to plaintiffs' motion for a preliminary injunction within ten calendar days after he is served. He must answer or file a Rule 12(b) motion within twenty-one days after he is served.

So Ordered.

D.P. Marshall Jr.

D.P. Marshall Jr.
United States District Judge

9 November 2026